UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

FRANKLIN RUBERMAN GOMEZ,

    Plaintiff,

v.                                              Case No. 3:16cv508-RV-CJK

SHILOH CONSTRUCTION, LLC,

    Defendant.
_____/

REPORT AND RECOMMENDATION

This cause is before the court on plaintiff's amended complaint. (Doc. 10). For the reasons that follow, the undersigned recommends that this case be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) due to plaintiff's failure to state a claim on which relief may be granted.

BACKGROUND

Plaintiff is currently confined at the Kinney County Detention Center in Brackettville, Texas. The amended complaint names Shiloh Construction, LLC, ("Shiloh") as the sole defendant. The complaint sets forth the factual allegations that follow.

Shiloh, a construction company located in Fort Walton Beach, Florida, employed plaintiff from 2008 to 2013. During plaintiff's employment, Shiloh did

not object to his immigration status.  Plaintiff asserts he had a Taxpayer Identification Number from the Internal Revenue Service that he used to pay income taxes every year.

While working for Shiloh on May 20, 2013, plaintiff fell from a ladder and injured his back.  He was transported to a hospital to receive medical attention.  Plaintiff subsequently visited a private clinic; a doctor prescribed plaintiff pain medication for several months.

"Later on when [plaintiff] asked for a job to Shiloh construction the company [k]new about [his] immigration status.  [O]n the application [plaintiff] made an error putting an incorrect Social Security number.  [Plaintiff] did not put the [taxpayer identification] number which the government gave [him] to claim [his] income tax[.]"  The Division of Workers' Compensation sent plaintiff some paperwork to complete before he could receive compensation.  "On the paperwork [plaintiff] put the same information as what [he] filled out with Shiloh[.]"  Plaintiff "was accused of fraud of false statement" and subsequently deported to Honduras.[1]

---

[1] The Okaloosa County Clerk of Court's website indicates plaintiff pleaded *nolo contendere* to violating Fla. Stat. § 440.105 on May 20, 2014.  Okaloosa County Clerk of Court, Court Records Online, *Florida v. Franklin Ruberman Gomez*, Case No. 2014CF000396, https://clerkapps.okaloosaclerk.com/benchmarkweb2/Home.aspx/Search.  The initial complaint indicated plaintiff served a 4-month sentence in the Okaloosa County Jail.  After completing the sentence, U.S. Immigration and Customs Enforcement took plaintiff into custody and deported him on July 4, 2014.

Plaintiff asserts Shiloh "ruined [his] life" and took advantage of him because he is an immigrant. He claims "the company was aware of [his] immigration status . . . and still hired" and employed him for 5 years. "When workmens comp reached the company [Shiloh] denied [plaintiff's] whereabouts[.]" Plaintiff indicates he is bringing this action because:

> people like myself have also been corrupted to companies that hire illegals. We only come to work honestly. They take advantage of the situation and pay us under wages. They abuse our rights and discriminate. Like myself I need to work and play along staying quiet.
>
> I only want Shiloh construction to be responsible for my accident. I was arrested and deported to my country only due to almost losing my life to an accident. I spent a long period of time in bed and did not receive any help from Shiloh company. In other words they stills put me to work with my condition. I had to buy medication due to them denying everything. I think is injustice what they have done to me.

(Doc. 1, p. 9).

## DISCUSSION

Title 28 U.S.C. § 1915 mandates that the district court dismiss an *in forma pauperis* action if the court determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In applying the standard, the court accepts all

well-pleaded factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994); *see also Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (holding that courts must follow the Supreme Court's "'two-pronged approach' of first separating out the complaint's conclusory legal allegations and then determining whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly give rise to an entitlement to relief.'") (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

As the Supreme Court reiterated in *Iqbal*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility that the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim. *Id.* The complaint must include

"[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, that is, "across the line from conceivable to plausible." *Id.* at 570.

The amended complaint is subject to dismissal because it does not specify what laws Shiloh allegedly violated, nor does it identify the relief sought by plaintiff. *See* Fed. R. Civ. P. 8(a)(2)-(3) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[,] and a demand for the relief sought, which may include relief in the alternative or different types of relief."). Moreover, a claim under Florida's workers' compensation law "is the exclusive remedy available to an injured employee as to any negligence on the part of that employee's employer." *Eller v. Shova*, 630 So. 2d 537, 539 (Fla. 1993) (*citing* Fla. Stat. § 440.11(1)); *see also Byers v. Ritz*, 890 So. 2d 343, 346 (Fla. 3d DCA 2004) ("[A]n employer who secures worker's compensation coverage for his employees receives extensive immunity from suit by injured workers."). Plaintiff's criminal conviction, however, precludes him from seeking recovery under the workers' compensation act. The act states "[a]n employee shall not be entitled to compensation or benefits under this chapter if any judge of compensation claims, administrative law judge, court, or jury convened in this state determines that the employee has knowingly or intentionally engaged in any of the acts described in s. 440.105 or any criminal act for the purpose of securing

workers' compensation benefits. . . . [T]he term 'intentional' shall include, but is not limited to, pleas of guilty or nolo contendere in criminal matters." Fla. Stat. § 440.09.  Plaintiff pleaded *nolo contendere* to violating section 440.105.  Based on the foregoing, plaintiff cannot recover damages from Shiloh.  In particular, his suggestion that he "only" wants Shiloh to be responsible for costs he incurred due to an industrial accident, does not avail him.

To the extent plaintiff asserts Shiloh violated the Fourteenth Amendment by discriminating against him based on his immigration status, that claim is meritless.  The Fourteenth Amendment only restrains the actions of state governments.  *See Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S. Ct. 836, 92 L. Ed. 1161 (1948) ("[T]he action inhibited by the first section of the Fourteenth Amendment is only such action as may fairly be said to be that of the States.  That Amendment erects no shield against merely private conduct, however discriminatory or wrongful."); *Campbell v. United States*, 962 F.2d 1579, 1582 (11th Cir. 1992) ("The Fourteenth Amendment acts as a shield against only the government.").  Plaintiff cannot raise a Fourteenth Amendment claim because Shiloh is not a state actor.

Accordingly, it is respectfully RECOMMENDED:

1.	That this case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii) due to plaintiff's failure to state a claim on which relief may be granted.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 11th day of January, 2017.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:16cv508-RV-CJK